UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UDEME T. NDON,<br><br>       Plaintiff,<br><br>v.<br><br>UNIVERSITY OF WISCONSIN-<br>MILWAUKEE,<br><br>       Defendant. | Case No. 11-CV-990-JPS<br><br><br>ORDER |

  On October 24, 2011, plaintiff Udeme Ndon ("Ms. Ndon") filed a complaint against defendant University of Wisconsin-Milwaukee ("UWM"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e. (Docket #1). Presently pending before the court are Ms. Ndon's "Rule 12 Motion" and Motion for Summary Judgment (Dockets #23 and #24), as well as UWM's Motion for Summary Judgment, (Docket #30). In its motion, UWM argues that it is entitled to summary judgment because Ms. Ndon failed to timely file a charge of discrimination with the Wisconsin Equal Rights Division ("ERD") or the United States Equal Employment Opportunity Commission ("EEOC"), as Title VII requires. Motion Brief (Docket #31) at 9. For the reasons explained below, the court agrees, and will, therefore, grant UWM's motion. At the same time, the court is obliged to deny Ms. Ndon's motions.

1. Standard of Review

  The general standard for assessing motions for summary judgment applies, namely: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2. Facts

The court accepts the following facts as true.[1] Ms. Ndon worked for UWM as an Administrative Specialist. (UWM PF ¶ 4). On June 18, 2007, Ms. Ndon began a two-week approved vacation. (UWM PF ¶ 7). Ms. Ndon did not return to work as expected on July 2, 2007. (UWM PF ¶ 7). Following several months of communication[2] between Ms. Ndon and UWM, and with Ms. Ndon still absent from work, UWM notified Ms. Ndon that it would consider her employment terminated if she did not return to work on January 2, 2008. (UWM PF ¶¶ 9-19). Ms. Ndon did not return to work. (UWM

---

[1]Pursuant to Civil L.R. 56(a)(1)(A), any factual assertion in the affidavits, declarations, or other admissible evidence submitted by UWM will be accepted by the court as being true unless Ms. Ndon contradicts the factual assertion. UWM complied with the notification requirements of this rule. Motion (Docket #30) at 1-2. Citations are given to UWM's Proposed Facts ("PF") (Docket #32).

[2]The parties dispute whether these communications establish Ms. Ndon's entitlement to protected leave. The court need not resolve this dispute because UWM's motion focuses on the threshold issue of timeliness, and the question for determining timeliness is whether Ms. Ndon filed her claim within 300 days of the allegedly unlawful event, in this case the end of Ms. Ndon's employment. 42 U.S.C. § 2000e-5(e)(1). The resolution of this dispute is likewise unnecessary to analysis of Ms. Ndon's arguments regarding equitable tolling because there the relevant questions concern circumstances and events occurring between the allegedly unlawful act and the filing of Ms. Ndon's charge with the ERD and EEOC.

PF ¶ 19). On January 14, 2008, Ms. Ndon filed a grievance as outlined in UWM's policies and procedures. (UWM PF ¶ 21). In a letter dated February 25, 2008, UWM denied Ms. Ndon's grievance. (UWM PF ¶ 23). On March 12, 2008, UWM sent another letter, stating that all matters related to Ms. Ndon's employment were closed. (UWM PF ¶ 25). Ms. Ndon filed her charge with the EEOC and ERD on April 11, 2011. (UWM PF ¶ 26).

3.   Analysis

In its Motion for Summary Judgment, UWM first argues that Ms. Ndon's complaint is barred because Ms. Ndon did not file a timely administrative charge. Motion Brief at 9. To proceed under Title VII, a plaintiff must charge a violation, at the latest, "within three hundred days after the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). Ms. Ndon claims she was denied due process when UWM considered her employment to be terminated; the ultimate date in the string of events was March 12, 2008, when UWM sent its final letter explaining that all matters related to Ms. Ndon's employment were closed. Thus, to be timely, Ms. Ndon's charge was required to be filed within 300 days of March 12, 2008. Ms. Ndon filed her charge with the EEOC and ERD on April 11, 2011, more than two years after the statutory deadline. Thus, the court concludes that there are no material facts in dispute and that Ms. Ndon's charge was untimely, so UWM will prevail on its motion unless Ms. Ndon can show that the statute of limitations should be tolled in her case. The court allowed Ms. Ndon an opportunity to show cause why she is entitled to equitable tolling in this case. (Docket #6). Ms. Ndon filed a brief in response

to the order to show cause ("Equitable Tolling Brief") advocating two equitable tolling arguments.[3] (Docket #7).

As the Seventh Circuit has recently explained, requiring a timely administrative complaint serves two purposes: it promotes prompt resolution and provides timely notice to the employer. *Teal v. Potter*, 559 F.3d 687, 691(7th Cir. 2009). However, by operation of equitable tolling, a filing deadline may be tolled in three circumstances. First, equitable tolling may apply when a plaintiff cannot obtain information necessary to realize she has a claim, even through the exercise of due diligence. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). The second circumstance justifying equitable tolling is a good faith error by the plaintiff. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). And finally, equitable tolling may extend a filing deadline when the plaintiff is prevented from filing within the statutory period. *Id.* A late-filing plaintiff has a burden to prove that equitable tolling is justified in her case. *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir. 1990). Where, as here, the plaintiff asserts equitable tolling to defeat a motion for summary judgment, the plaintiff carries a burden to "present facts which, if true, would justify equitable tolling of the statute of limitations." *Id.* In her Equitable Tolling Brief, Ms. Ndon invokes the second and third circumstances above. The court now considers each in turn.

---

[3]The court previously ruled that Ms. Ndon's arguments were sufficient to permit her to proceed *in forma pauperis*, but explicitly stated that the ruling was solely for the purposes of evaluating the *in forma pauperis* motion and "does not mean Ms. Ndon is indeed entitled to equitable tolling or immune from any defense raised by the defendant based on the untimeliness of her filing of a charge of discrimination with the EEOC." *In Forma Pauperis* Order (Docket #8) at 2.

Page 4 of 9

Case 2:11-cv-00990-JPS    Filed 11/13/12    Page 4 of 9    Document 42

A plaintiff may be eligible for equitable tolling of a filing deadline due to a good faith error. While an exact definition of a "good faith error" is elusive in this context, the Seventh Circuit has consistently concluded that this justification of equitable tolling requires a showing that the plaintiff reasonably and actively asserted her rights, even though she did so in the wrong forum. *Threadgill*, 269 F.3d at 850 (holding that the courts permit equitable tolling where a plaintiff has "actively pursued his judicial remedies" and concluding that plaintiff's inaction defeated his claim of a good faith error); *Husch v. Szabo Food Service Co.*, 851 F.2d 999, 1004 (7th Cir. 1988) (holding that a plaintiff who filed her administrative complaint in the wrong state reasonably attempted to comply with preconditions to filing a federal lawsuit, thereby justifying the equitable tolling of her filing deadline); *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (holding that plaintiff's late filing due to a desire to file on the last day possible and a miscalculation of that day is not a good faith error for purposes of equitable tolling).

Ms. Ndon provides no information indicating that she reasonably or actively pursued her claim in any forum. While she states that she was "awaiting mutual resolution through administrative remedies," Equitable Tolling Brief at 1, Ndon has provided nothing to show that she actively pursued any "administrative remedies." First, it is undisputed that she did not file her claim with the EEOC and ERD until April 11, 2011, thus, she pursued no "administrative remedies" via governmental administrative offices. Second, the record simply does not support Ms. Ndon's claim that she pursued resolution of her discrimination claim through UWM's

grievance process beyond March 12, 2008, when she was notified that her grievance was denied. Ms. Ndon provided the court with several emails and letters she exchanged with UWM over the intervening years, but review of those communications shows that they primarily address two different topics: UWM's efforts to recoup salary that Ms. Ndon was overpaid, and Ms. Ndon's unauthorized use of the University's name in her publishing. Furthermore, it cannot be said that Ms. Ndon was actively pursuing resolution of her claim, as her communication log reflects significant gaps, including one gap of over one year from October 3, 2008, to October 21, 2009, in which Ms. Ndon logged no communication. Based on the record provided by Ms. Ndon, the court concludes that she did not reasonably or actively pursue her claim, and, therefore, cannot meet her burden to prove entitlement to equitable tolling due to a good faith error.

Ms. Ndon offers a second justification for equitable tolling: she claims to have been prevented from filing her complaint on time. Equitable Tolling Brief at 2. The Seventh Circuit has instructed that this doctrine is to be "used sparingly" and only in the case where "extraordinary circumstances" prevented the plaintiff from filing. *Bensman v. U.S. Forest Service*, 408 F.3d 945, 964 (7th Cir. 2005). The bellwether of such a claim is whether the plaintiff exercised due diligence. *Id.* Unfortunately for Ms. Ndon, the record simply does not support a finding of due diligence in her case. Ms. Ndon offers a number of circumstances that prevented her from filing on time, including spending time out of state in Maryland, financial struggles, and hospitalization. Equitable Tolling Brief at 2. Neither of the first two circumstances justifies equitable tolling. First, Ms. Ndon provided no information that she was prevented from filing a charge from Maryland;

indeed, the EEOC is a national agency headquartered in Washington, DC, with offices throughout the country. Second, though the court does not doubt that Ms. Ndon's financial struggles have been significant, Ms. Ndon has provided no information to support a finding that she diligently sought to file a claim but was prevented from doing so because of fees associated with such filings.

Ms. Ndon's third basis for being prevented from filing—hospitalization—is a valid justification for equitable tolling in some cases; however, the court concludes that Ms. Ndon has not provided facts that show that she was hospitalized during the relevant time period. Ms. Ndon attached an exhibit ("Exhibit E, marked A38-A41") to her Equitable Tolling Brief as evidence that she was hospitalized. Equitable Tolling Brief at 2. Exhibit E refers the court to two previously-filed documents, each titled "UW-Milwaukee Certification of Health Care Provider." (Docket #5 at 55-58). Those documents discuss medical treatment that took place prior to Ms. Ndon's termination, and thus prior to the start of any statute of limitations; one form is dated August 17, 2007, and the other is dated November 1, 2007. Ms. Ndon has not filed any information with the court to indicate that she was hospitalized any time after her employment ended in March of 2008, and that such hospitalization prevented her from filing a charge in her case.

The court thus concludes that Ms. Ndon has not met her burden to "present facts which, if true, would justify equitable tolling of the statute of limitations." *Stark v. Dynascan Corp.*, 902 F.2d at 551. While Ms. Ndon's filings with the court indicate that she has faced several significant obstacles over the years, and, while her situation certainly elicits sympathy, "[p]rocedural requirements established by Congress for gaining access to the federal courts

are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). On this record, the court can only agree with UWM that Ms. Ndon's charge was untimely filed, and that she is not entitled to equitable tolling of the filing deadline.

Finally, the court will deny Ms. Ndon's motions. It is fundamental that "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, though a *pro se* motion is read with "an understanding eye," *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996), a *pro se* litigant still bears the burdens of proof attendant to her motions. Ms. Ndon's "Rule 12 Motion" can be fairly and accurately described as lists of legal terminology with no discernable legal argument. For example, though several phrases seem to request damages (i.e. "Compensatory and punitive damages that follow the norms in each of the cases." and "Compensatory and punitive damages that follow the norms of each of the cases to include business lost."), Rule 12 Motion at 2, Ms. Ndon does not set forth any coherent legal argument showing entitlement to those damages. Similarly, Ms. Ndon's Motion for Summary Judgment provides no discernable ground on which summary judgment could issue. In fact, Ms. Ndon's filing seems not to be founded on the absence of disputed material facts, as motions for summary judgment must be, but rather a list of disputed facts involving her employment relationship with UWM. Furthermore, because the court will grant UWM's Motion for Summary Judgment on the ground that Ms. Ndon's lawsuit is time-barred, the court may not consider her arguments regarding

disputed facts surrounding the dissolution of her employment relationship with UWM. For these reasons, Ms. Ndon's motions are denied.

Additionally, Ms. Ndon has filed several "Requests" for the court to enjoin an unrelated case apparently proceeding against her in the Wisconsin state court system (Dockets #12, #35, #37, #39, #40, and #41). Given the court's determination that Ms. Ndon's employment discrimination lawsuit is untimely, those requests must be denied as moot.

Accordingly,

IT IS ORDERED that UWM's Motion for Summary Judgment (Docket #30) be and the same is hereby GRANTED and this action be and the same is hereby DISMISSED on its merits together with costs as taxed by the Clerk of the Court;

IT IS FURTHER ORDERED that Ms. Ndon's "Rule 12 Motion" (Docket #23) and Motion for Summary Judgment (Docket #24) be and the same are hereby DENIED; and

IT IS FURTHER ORDERED that Ms. Ndon's "Requests" for the court to enjoin an unrelated Wisconsin state court case (Dockets #12, #35, #37, #39, #40, and #41) be and the same are hereby DENIED as moot.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge